**[J-72A-2018, J-72B-2018, J-72C-2018, J-72D-2018, J-72E-2018, J-72F-2018, J-72G-2018 and J-72H-2018] [MO:Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE LLC, AND MODERN CAFE INC. | : No. 57 WAP 2017<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court entered May<br>: 17, 2017 at No. 79 CD 2016, affirming<br>: the Order of the Court of Common<br>: Pleas of Allegheny County entered<br>: December 21, 2015 at No. GD 15-<br>: 16442.<br>:<br>: ARGUED:  October 23, 2018 |
| v. | : |
| CITY OF PITTSBURGH | : |
| v. | : |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : |
| APPEAL OF:  SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : |
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY INC.D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE LLC, AND MODERN CAFE INC. | : No. 58 WAP 2017<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court entered May<br>: 17, 2017 at No. 101 CD 2016,<br>: affirming the Order of the Court of<br>: Common Pleas of Allegheny County<br>: entered December 21, 2015 at No.<br>: GD 15-16442.<br>:<br>: ARGUED:  October 23, 2018<br>: |

v.                                    :
                                      :
                                      :
                                      :
CITY OF PITTSBURGH, COUNCIL OF        :
THE CITY OF PITTSBURGH, AND           :
WILLIAM PEDUTO, AND SERVICE           :
EMPLOYEES INTERNATIONAL UNION         :
LOCAL 32 BJ                           :
                                      :
                                      :
                                      :
APPEAL OF:  SERVICE EMPLOYEES         :
INTERNATIONAL UNION LOCAL 32BJ        :

BUILDING OWNERS AND MANAGERS          :  No. 59 WAP 2017
ASSOCIATION OF PITTSBURGH             :
                                      :
                                      :  Appeal from the Order of the
                                      :  Commonwealth Court entered May
            v.                        :  17, 2017 at No. 100 CD 2016,
                                      :  affirming the Order of the Court of
                                      :  Common Pleas of Allegheny County
CITY OF PITTSBURGH, COUNCIL OF        :  entered December 17, 2015 at No.
THE CITY OF PITTSBURGH, AND           :  GD 15-13329.
WILLIAM PEDUTO, AND SERVICE           :
EMPLOYEES INTERNATIONAL UNION         :  ARGUED:  October 23, 2018
LOCAL 32 BJ                           :
                                      :
                                      :
APPEAL OF:  SERVICE EMPLOYEES         :
INTERNATIONAL UNION LOCAL 32BJ        :

BUILDING OWNERS AND MANAGERS          :  No. 60 WAP 2017
ASSOCIATION OF PITTSBURGH             :
                                      :
                                      :  Appeal from the Order of the
                                      :  Commonwealth Court entered May
            v.                        :  17, 2017 at No. 102 CD 2016,
                                      :  affirming the Order of the Court of
                                      :  Common Pleas of Allegheny County
CITY OF PITTSBURGH, COUNCIL OF        :  entered December 17, 2015 at No.
THE CITY OF PITTSBURGH, AND           :  GD 15-13329.
WILLIAM PEDUTO, AND SERVICE           :
EMPLOYEES INTERNATIONAL UNION         :  ARGUED:  October 23, 2018
LOCAL 32BJ                            :
                                      :
                                      :
                                      :
APPEAL OF:  SERVICE EMPLOYEES         :
INTERNATIONAL UNION LOCAL 32BJ        :

| | |
|---|---|
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH | : No. 61 WAP 2017 |
| | : |
| | : Appeal from the Order of the |
| | : Commonwealth Court entered May |
| v. | : 17, 2017 at No. 100 CD 2016, |
| | : affirming the Order of the Court of |
| | : Common Pleas of Allegheny County |
| CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : entered December 17, 2015 at No. |
| | : GD 15-13329. |
| | : |
| | : ARGUED: October 23, 2018 |
| | : |
| | : |
| | : |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | : |
| | : |
| | : |
| | : |
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH | : No. 62 WAP 2017 |
| | : |
| | : Appeal from the Order of the |
| | : Commonwealth Court entered May |
| v. | : 17, 2017 at No. 102 CD 2016, |
| | : affirming the Order of the Court of |
| | : Common Pleas of Allegheny County |
| CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : entered December 17, 2015 at No. |
| | : GD 15-13329. |
| | : |
| | : ARGUED: October 23, 2018 |
| | : |
| | : |
| | : |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | : |
| | : |
| | : |
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS,1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS | : No. 63 WAP 2017 |
| | : |
| | : Appeal from the Order of the |
| | : Commonwealth Court entered May |
| | : 17, 2017 at No. 79 CD 2016, affirming |
| | : the Order of the Court of Common |
| | : Pleas of Allegheny County entered |
| | : December 21, 2015 at No. GD 15- |
| | : 16442. |

CLEANING SERVICE LLC, AND          :
MODERN CAFE INC.                   :  ARGUED: October 23, 2018
                                   :
                                   :
            v.                     :
                                   :
                                   :
CITY OF PITTSBURGH                 :
                                   :
                                   :
            v.                     :
                                   :
                                   :
SERVICE EMPLOYEES                  :
INTERNATIONAL UNION LOCAL 32BJ     :
                                   :
                                   :
APPEAL OF: CITY OF PITTSBURGH,     :
COUNCIL OF THE CITY OF             :
PITTSBURGH, AND WILLIAM PEDUTO     :

PENNSYLVANIA RESTAURANT AND        :  No. 64 WAP 2017
LODGING ASSOCIATION, STORMS        :
RESTAURANT AND CATERING LLC        :  Appeal from the Order of the
D/B/A STORMS RESTAURANT,           :  Commonwealth Court entered May
LAWRENCEVILLE BREWERY INC. D/B/A   :  17, 2017 at No. 101 CD 2016,
THE CHURCH BREW WORKS, 1215        :  affirming the Order of the Court of
INCORPORATED, D/B/A RITA'S ITALIAN :  Common Pleas of Allegheny County
ICE, DIRT DOCTORS CLEANING         :  entered December 21, 2015 at No.
SERVICE LLC, AND MODERN CAFE       :  GD 15-16442.
INC.                               :
                                   :  ARGUED: October 23, 2018
                                   :
            v.                     :
                                   :
                                   :
CITY OF PITTSBURGH, COUNCIL OF     :
THE CITY OF PITTSBURGH, AND        :
WILLIAM PEDUTO, AND SERVICE        :
EMPLOYEES INTERNATIONAL UNION      :
LOCAL 32BJ                         :
                                   :
                                   :
APPEAL OF: CITY OF PITTSBURGH,     :
COUNCIL OF THE CITY OF             :
PITTSBURGH, AND WILLIAM PEDUTO     :

## CONCURRING AND DISSENTING OPINION

**JUSTICE BAER**                                    **DECIDED:  JULY 17, 2019**

I agree with the general legal conclusion underlying the Majority's decision: Subsection 2962(f) of the Home Rule Charter and Optional Plans Law precludes home-rule municipalities, like the City of Pittsburgh ("City"), from regulating businesses and employers, "except as expressly provided by statutes which are applicable in every part of this Commonwealth or which are applicable to all municipalities or to a class or classes of municipalities[.]"  53 Pa.C.S. § 2962(f).[1]  I also agree with the Majority that Subsection 2962(f) bars the City's Safe and Secure Buildings Act ("SSBA") because the SSBA regulates businesses and employers by imposing "a complex and burdensome set of continuing obligations upon owners and employees of 'covered properties,'" Majority Opinion at 36, and the City has failed to identify a statute of this Commonwealth that expressly provides a home-rule municipality with the authority to pass such an ordinance. Consequently, I join the following parts of the Majority Opinion:  I., II.,  III., and IV.C.

I, however, respectfully dissent from the remainder of the Majority Opinion, particularly its conclusion that Subsection 2962(f) does not invalidate the City's Paid Sick

---

[1] Subsection 2962(f) states, in full, as follows:

> **(f) Regulation of business and employment.--**A municipality which adopts a home rule charter shall not determine duties, responsibilities or requirements placed upon businesses, occupations and employers, including the duty to withhold, remit or report taxes or penalties levied or imposed upon them or upon persons in their employment, except as expressly provided by statutes which are applicable in every part of this Commonwealth or which are applicable to all municipalities or to a class or classes of municipalities. This subsection shall not be construed as a limitation in fixing rates of taxation on permissible subjects of taxation.

53 Pa.C.S. § 2962.

Days Act ("PSDA"). As noted, Subsection 2962(f) prohibits the City from placing "duties, responsibilities or requirements" upon "businesses, occupations and employers." It seems beyond serious controversy that the PSDA regulates businesses and employers by requiring them to provide sick leave to their employees. Indeed, the Majority appears to agree. *See* Majority Opinion at 9 (explaining that the PSDA requires employers in the City to provide sick leave to employees). Thus, Subsection 2962(f) precludes the City from placing this requirement upon businesses and employers, unless the City can identify express statutory language that permits it to legislate in this manner.

The City has failed to highlight any express statutory authority allowing it to mandate that businesses and employers provide employees with sick leave, and I find the Majority's contrary conclusion to be unpersuasive. As to this latter statement, in finding that the Disease Prevention and Control Law of 1955 ("DPCL"), 35 P.S. §§ 521.1-521.21, contains sufficient authority to allow the City to pass the PSDA, the Majority first finds "that the DPCL is ambiguous with regard to whether and when municipalities may enact ordinances related to disease prevention and control." Majority Opinion at 26. Next, the Majority utilizes principles of statutory construction to conclude that, because the City is within "the jurisdiction of the Allegheny County Health Department, [it] qualifies as a municipality which has a department of health for purposes of [the] DPCL[.]" *Id.* at 29. Lastly, the Majority apparently concludes that, because the general object of the DPCL is disease prevention and control, it necessarily follows that the DPCL expressly provides home-rule municipalities with the authority to require businesses and employers to provide sick days to their employees. *Id.* at 29-36.

In my view, the need for a circuitous, 11-page construction of the DPCL demonstrates the contrary result, *i.e.*, the DPCL does not contain express statutory language allowing the City to mandate that businesses and employers provide their

employees with sick days. I further note that, because the Majority finds that the DPCL provides the City with sufficient authority to pass the PSDA, it understandably declines to address whether the other statutory authority cited by the City can substantiate the validity of the PSDA. However, to determine if I am in concurrence with or dissent from the Majority's ultimate conclusion, it is necessary for me to consider the only other statutory sections upon which the City relies to assert express authority for the PSDA. These sections can be found in the Second Class Cities Code ("SCCC"), 53 P.S. §§ 22101-28707.

According to the City, Section 22145 of the SCCC grants it the power to "make regulations to secure the general health of the inhabitants, and to remove and prevent nuisances." City's Brief at 17 (quoting 53 P.S. § 23145). The City further states that: (1) Section 23146 of SCCC permits it to "make all necessary orders and regulations to prevent the introduction of contagious or pestilential diseases into the city; to enact quarantine laws for that purpose, and to enforce the same within five miles of the city limits[,]" *id.* (quoting 53 P.S. § 23146); and (2) Section 23158 grants the City with authority to "make all such ordinances, by-laws, rules and regulations, not inconsistent with the Constitution and laws of this Commonwealth, as may be expedient or necessary . . . for the . . . maintenance of the peace, good government and welfare of the city, and its trade, commerce and manufacturers[,]" *id.* (quoting 53 P.S. § 23158). In sum, the City suggests that these statutory provisions expressly provide it with authority to enact the PSDA.

To the extent that the City can rely on provisions of the SCCC for purposes of validating its authority to pass the PSDA, I believe these statutes suffer from short-comings similar to those of the DPCL. While the above-stated provisions of the SCCC may imply that second class cities have some authority to regulate businesses and employers in a manner to protect the general welfare of their citizens, the statutes simply

do not provide express statutory authority allowing home-rule municipalities to mandate that businesses and employers provide sick leave to their employees.

For these reasons, I conclude that the Commonwealth Court correctly determined that Subsection 2962(f) invalidates both the SSBA and the PSDA. In closing, I note my agreement with the expressions of the Chief Justice in his cogent Concurring and Dissenting Opinion, which I join in full. Accordingly, I would affirm the Commonwealth Court's order, which affirmed that trial court's order granting Appellees' motion for judgment on the pleadings.

Chief Justice Saylor and Justice Mundy join this opinion.